RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/14/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID V. SIBLEY,<br>　　　Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:11-CV-00661 |
| VERSUS | |
| FRED S. GAHAGAN, et al.,<br>　　　Defendants | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 28 U.S.C. § 1983, in forma pauperis, by pro se plaintiff David V. Sibley ("Sibley") on April 27, 2011. Sibley also alleges supplemental state law claims. The named defendants are Natchitoches City Judge Fred S. Gahagan, Lloyd Benjamin, the District Attorney, "City Police," the State of Louisiana, the CIA, the DEA, the ATF, and the FBI. Sibley contends that, on April 25, 2011, the defendants committed money laundering, forgery, fraud, racketeering, embezzlement, malfeasance in office, and "hustling," and asks for general and punitive damages, as well as asking to have the defendants audited.

Attached to Sibley's complaint are copies of several articles

from around concerning public officials in Louisiana being prosecuted for crimes. Sibley also attached a copy of a ticket he received from the Natchitoches Police Department on February 11, 2011 for improper lane usage and "no child restraint." Sibley apparently tried to subpoena the cameras and tape recorder from the police car, and tried to have the tickets dismissed, but his motions were denied. Sibley appears to complain that he was "hustled" by the officers.

Sibley filed a motion for service of his complaint by the United States Marshal's Service (Doc. 9). Since it will be recommended that Sibley's complaint be dismissed, his motion for service of process will be denied in a separate order.

1.

First, Sibley has not alleged any specific facts to support his Section 1983 and state law claims against Gahagan, Benjamin, Roque, and the District Attorney. In order to establish the personal liability of a certain defendant to a plaintiff who is claiming damages for deprivation of his civil rights, that plaintiff must show that particular defendant's action or inaction was a violation of the plaintiff's civil rights. Reimer v. Smith, 663 F.2d 1316, 1322 n. 4 (5th Cir. 1981). Also, Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 1098 n. 7 (1986). Sibley has not alleged or offered any proof of any act or omission by each individual defendant which constituted a violation of Sibley rights

under Section 1983 or state law.

Therefore, Sibley's complaint against Gahagan, Benjamin, Roque, and the District Attorney should be dismissed without prejudice.

2.

Second, Sibley names as defendants the Bureau of Alcohol, Tobacco and Firearms and Explosives ("ATF"), the Federal Bureau of Investigation ("FBI"), the Central Intelligence Agency ("CIA"), and the Drug Enforcement Administration ("DEA"). However, Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Lugar v. Edmondson Oil Co., Inc., 475 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). The CIA, ATF, FBI and DEA are not "persons" within the meaning of the Civil Rights Act, since they are agencies of the United States.

Moreover, although the United States has waived some sovereign immunity under the Federal Tort Claims Act for injury or loss of property caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, 28 U.S.C. § 2680(a)-(n), the United States is the only proper named defendant in such a suit.

Therefore, Sibley's Section 1983 and state law action against the CIA, ATF, FBI and DEA should be dismissed with prejudice.

3.

Sibley named the "City Police" as a defendant. City police departments are not legal entities capable of being sued. Sibley presumably intended to sue the municipality responsible for the "city police," but failed to provide the name of the municipality.[1] In any event, Sibley failed to allege any specific facts to support a §1983 or state law claim against the "city police." Therefore, Sibley's complaint against the "city police" should be dismissed without prejudice.

4.

Finally, Sibley named the State of Louisiana as a defendant. However, a state is not a "person" who can be sued under §1983. Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 258, 362 (1991). Moreover, the Eleventh Amendment to the U.S. Constitution bars all suits in law or equity against an unconsenting state. Neuwirth v. Louisiana State Board of Dentistry, 845 F.2d 553, 556 (5th Cir. 1988). Since the State of Louisiana has not consented to be sued under Section 1983 or state tort law, Sibley's action against the State of Louisiana should be dismissed with prejudice.

---

[1] In Monell v. New York City Dept. of Social Services, 436 U.S. 658, 689, 98 S.Ct. 2018, 2035 (1978), the Supreme Court held that municipalities and other local governmental bodies are "persons" within the meaning of Section 1983.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Sibley's complaint against Gahagan, Benjamin, Roque, and the District Attorney be DISMISSED WITHOUT PREJUDICE.

IT IS RECOMMENDED that Sibley's action against the CIA, ATF, FBI and DEA be DISMISSED WITH PREJUDICE.

IT IS RECOMMENDED that Sibley's complaint against the "City Police" be dismissed without prejudice.

IT IS RECOMMENDED that Sibley's action against the State of Louisiana be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 14th day of July, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE